705 P.2d 1078

BLAINE COUNTY, Ray Sweat, Rupert House and Dan Mackey, Constituting the Blaine County Board of Commissioners, Plaintiffs-Respondents,

v.

Kevin BRYSON, Jill Bryson and Fred Parker, Defendants-Appellants,

Dorothy POVEY, Donald Justus and Does I Through X Inclusive, and All Other Persons Unknown, Claiming any Right, Title Estate, Lien or Interest in Real Property Traversed by the Road Known as the Colorado Gulch Road, Defendants,

v.

ATLANTIS MINING AND MANUFACTURING COMPANY, INC., an Idaho corporation, Intervenor-Respondent.

No. 15430.

Court of Appeals of Idaho.

Sept. 5, 1985.

Lloyd J. Webb (Webb, Burton, Carlson, Pedersen & Paine), Twin Falls, for defendants-appellants.

Stephen W. Boller, Hailey, for respondent, Atlantis Mining.

R. Keith Roark, Blaine County Pros. Atty., Hailey, for respondent, Blaine County.

BURNETT, Judge.

We are asked to review a summary judgment declaring the "Colorado Gulch Road," an unpaved lane traversing property owned by appellants Bryson and Parker in Blaine County, to be a "public highway." The property owners have raised three issues: whether the "Colorado Gulch Road" ever was a public highway within the meaning of I.C. § 40–103;[1] if so, whether the county later abandoned the highway; and finally, whether the county is now precluded from asserting the existence of a highway because it stipulated to the contrary in earlier litigation with other parties. For reasons explained below, we affirm the judgment.

This suit was filed by the Blaine County Board of Commissioners, seeking to establish the public's quiet title to the "Colorado Gulch Road." The road runs from a highway known as Broadford Road to the Big Wood River. On the other side of the river lie public lands and mining property belonging to the Atlantis Mining and Manufacturing Co. As the road makes its way to the river, it crosses the Bryson and Parker tracts.[2]

The county claims that the road is a public highway under I.C. § 40–103. This statute—frequently (but rather misleadingly) called a prescription or user law—provides that "all roads used as such for a period of five (5) years ... [which] have been worked and kept up at the expense of the public ... are highways." These criteria are less rigorous than those governing claims of private prescriptive easements. Here, the question is whether the Colorado Gulch Road ever has been used and maintained by the public for a period of five or more years. The district judge, after studying affidavits submitted by the parties, ruled that the statutory requirements had been satisfied. On appeal Bryson and Parker urge that a genuine issue of material fact exists on this point.

■ Before turning to the affidavits, we note that I.C. § 40–103 does not require

---

1. The chapter on highways and bridges was recodified in 1985. Former I.C. § 40–103 now substantially appears at I.C. § 40–109(5). We will refer in today's opinion to the prior statutes because they were extant at times pertinent to this case.

2. The road also traverses property of two other owners, Dorothy Povey and Donald Justus, who were named as additional defendants in the county's complaint. They chose not to appeal the judgment under review.

maintenance work to be performed upon the entire roadway, nor does it require that such work be performed during each and every annual increment of the five-year period. Rather, the work need only be performed at "necessary" times and places. *State v. Nesbitt*, 79 Idaho 1, 6, 310 P.2d 787, 790 (1957). In this case, the affidavits contain sketchy information concerning the extent of use and maintenance of the road prior to 1950, and they contain conflicting information concerning the extent of such use and maintenance after a bridge at the Big Wood River "washed out" in 1964.

However, the affidavits are clear and consistent regarding the time period from 1950 to 1963. During those years, appellant Parker's property was owned and occupied by Earl and Jacquelin Gillett. Both of them stated in their affidavits that from 1950 to 1963, the public "frequently and continuously" used the Colorado Gulch Road. Mrs. Gillett's affidavit further states:

> I distinctly remember that trucks and other road equipment owned and operated by the Blaine County government were used to repair and maintain the Colorado Gulch Road and the bridge across the Big Wood River during the entire time we owned our property in Blaine County.

The Gilletts' statements are corroborated by other affidavits concerning various time intervals within the thirteen-year span. The statements have not been refuted. Accordingly, with respect to this time period, we conclude that there is no genuine issue of material fact concerning public use and maintenance of the road. We sustain the district judge's determination that the Colorado Gulch Road had become a public highway.

█ We next turn to the question of abandonment. Prior to 1963, I.C. § 40–104 (now codified as I.C. § 40–203) provided that a roadway established by public use and maintenance would be deemed abandoned if it were no longer so used or maintained for a period of five years. The district court received conflicting affidavits

as to whether the county had performed maintenance on the Colorado Gulch Road from 1964 to 1983, when the suit was filed. Upon this conflicting information, appellants Bryson and Parker now contend that there is a genuine issue of material fact precluding summary judgment. However, this argument fails to take account of an amendment to the statute in 1963. The statute as amended provides as follows:

> [I]n the case of roads furnishing public access to public lands, state or federal, and/or public waters, no person may encroach upon the same and thereby restrict public use without first petitioning for the abandonment of the road to the county commissioners ... and until such time as abandonment is authorized by the commissioners ... public use of the roadway may not be restricted or impeded by encroachment or installation of any obstruction restricting public use....

In our view, this amendment makes it clear that lack of public use or maintenance for five years no longer automatically terminates the public's rights with respect to roads furnishing access to public lands or waters. Affirmative action by the county commissioners is required to abandon such roads. As noted earlier, it is undisputed in this case that the Colorado Gulch Road provides access to the Big Wood River and to public lands on the other side. It is also undisputed that the county commissioners never have authorized an abandonment as provided in the amended statute.

█ Appellants have invited our attention to *Elder v. Northwest Timber Co.*, 101 Idaho 356, 613 P.2d 367 (1980), contending that it supports a continuing rule of abandonment upon mere nonuse or lack of maintenance. However, a close reading of that case discloses that the abandonment in question occurred between 1928 and 1943, long before I.C. § 40–104 was amended in 1963. Accordingly, we hold that the conflicting information concerning use and maintenance of the Colorado Gulch Road after 1964 does not frame a genuine issue of *material* fact. Rather, it is plain, as a

matter of law, that no abandonment under I.C. § 40–104 has occurred.

■ Finally, we turn to the appellants' contention that the county should be precluded from asserting existence of a public highway because it stipulated to the contrary in earlier litigation with the Brysons' predecessors in interest. The judgment in that case recited that the Colorado Gulch Road "is not at the present time, and shall not ever be considered to be in any manner whatsoever, a public road." This language formed part of a settlement by which the county agreed to make no claim of a roadway across what is now the Brysons' property; but in return, the Brysons' predecessors gave the county an easement for an alternate roadway. The alternate route ran from Broadford Road, where the Colorado Gulch Road begins, to the point where the Colorado Gulch Road leaves the Bryson property and enters the Parker property. Parker was not a party to this earlier lawsuit nor to the agreement by which it was settled.

Nevertheless, Parker now argues that the county should be collaterally estopped from asserting the existence of a public roadway across his property. We understand Parker's argument to be one of issue preclusion, a form of *res judicata* as provided in the RESTATEMENT (SECOND) OF JUDGMENTS (1982) (herein termed the *Second Restatement*). We adopted the Second Restatement in *Aldape v. Akins*, 105 Idaho 254, 668 P.2d 130 (Ct.App.1983). Section 27 of the Second Restatement sets forth the general rule of issue preclusion:

> When an issue of fact or law is *actually litigated* and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. [Emphasis added.]

Even if we were to presume, for the sake of discussion, that Parker was a party whose interests were aligned with, or somehow represented by, the Brysons' predecessors in the earlier lawsuit, the fact remains that the question of a public road was not "actually litigated" in that lawsuit. Rather, the suit was concluded with a negotiated settlement and the eventual judgment was entered with the consent of both parties. Comment e to section 27 of the Second Restatement declares:

> In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action.

Accordingly, we hold that the county is not precluded from asserting the existence of a public road across Parker's property.

With respect to the Brysons, the issue has not been clearly framed. The instant lawsuit apparently was precipitated by some disagreement between the county and the Brysons concerning use of the stipulated alternate roadway. The district court's judgment, upholding the existence of a public highway as "described in the pleadings and other documents," could be interpreted to refer to the original route of the Colorado Gulch Road rather than to the alternate easement route. Indeed, counsel on appeal have devoted much effort to debating whether the settlement leading to the alternate easement was tantamount to an improper abandonment of a part of the Colorado Gulch Road without following the procedures mandated by I.C. § 40–104, as amended.

However, we do not think this question is presently ripe for review. In briefs and arguments submitted to this Court, the Brysons' counsel has advanced no legal theory upon which the alternate route easement now could be revoked by his clients. Neither has the county's attorney suggested that the alternate route would be unsatisfactory, so long as public use of it were unobstructed. Consequently, we are left in doubt as to the true nature of the controversy, if any, between the parties. Rather than speculating about a dispute and offering an advisory opinion upon it, we deem it advisable to remand the case for the district judge to determine, with greater par-

ticularity than the judgment now contains, the route of public access across the Brysons' property.

In all other respects, the summary judgment entered by the district court is affirmed. Costs to the respondent, Blaine County. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.