771 P.2d 37

Melvin TAGGART, Petitioner–Appellant, Cross–Respondent,

v.

HIGHWAY BOARD FOR the NORTH LATAH COUNTY HIGHWAY DISTRICT and North Latah County Highway District, Respondent–Respondent on Appeal, Cross–Appellant,

and

Verl Brown and Evelyn Brown, husband and wife; Henry Vowels; Rodney Vowels; Roy Guernsey Estate, Stanton P. Rines, Personal Representative; Wilmalee (Drollinger) West; Harley L. Drollinger and Patricia L. Drollinger, husband and wife; Ruth Lorine Drollinger; Bruce P. Drollinger; Potlatch Corporation; Franklin Jones and Irene Jones, husband and wife; State of Idaho Land Board; Lee Lisher and Joanne Lisher, husband and wife; Isabelle M. Severson; Gregory Fisher; and John B. Gage, Defendants.

No. 16516.

Supreme Court of Idaho.

April 26, 1988.

Rehearing Granted Dec. 7, 1988.

On Rehearing March 27, 1989.

Schwam & Schwam, Moscow, for petitioner-appellant, cross-respondent. Andrew M. Schwam argued.

Siebe, Landeck, Westerberg & Gould, Moscow, for respondent-respondent on appeal, cross-appellant. Ronald J. Landeck argued.

SHEPARD, Chief Justice.

This is an appeal from a judgment in favor of appellant Taggart declaring that a road is public and has not been abandoned as a public road by the respondent highway district, and which judgment denied an award of attorney fees to Taggart. Taggart appeals from the denial of attorney fees, and the highway district cross-appeals asserting that the road had been abandoned and no longer constituted a "public road."

There is no substantial dispute regarding the following facts. The road in question here was ordered open as Public Road 460 by action of the Latah County Commissioners in 1904. The opening and dedication was recorded in 1905. Public Road 460

constituted the main route between Princeton and Moscow until sometime in the 1930s. At that point a more direct route was established and the use of Public Road 460 has declined. The road traverses what is presently appellant Taggart's property, and provides Taggart's only access to the state highway system. Since the construction of the alternative route, Public Road 460 has been used primarily for access to several residences, and used by farmers as a farm-to-market route, by loggers, hunters, and recreational users.

Public Road 460 was maintained by the use of public monies until at least 1925. Thereafter the road has been maintained at intervals, but by who, how often, and for what purpose is in controversy. Since some point in the 1930s, no public funds have been expended by the highway district for maintenance of the road. Although there is some dispute, it appears from the record that Public Road 460 was essentially passable by automobile up to the present time.

Taggart filed the instant action after a neighbor sought to block Taggart's use of the road by erecting a barricade and the highway district denied any relief to Taggart. Although other parties and additional issues were presented in the action, a bifurcated trial was held only on the issue of whether Public Road 460 was a public road. Following trial of that issue the district court ruled that the road had not been lawfully abandoned by the highway district and constituted a public road. Taggart moved for an award of attorney fees which was denied. As above-noted, Taggart appeals the denial of an award of attorney fees, and the highway district cross-appeals, asserting that the road was not a public road but had been abandoned.

■ Although our statutes have through past years undergone substantial revisions and amendments, it is clear that "the improvement of highways and highway systems is hereby declared to be the established and permanent policy of the state of Idaho, and the duty is hereby imposed upon the state, and all counties, cities, and highway districts in the state to improve and maintain the highways within their respective jurisdiction...." I.C. § 40–201. Here there is no question but that the highway district opened, dedicated and recorded the road in question as a public road, and that the highway district expended public money in the maintenance of the road until at least 1925. It is the position of the highway district that its failure to thereafter maintain the road, and its unilateral treatment of it as a nonpublic road constitutes abandonment and deprives the road of its public status. We disagree.

The highway district argues that I.C. § 40–203 supports its position. Prior to amendment that statute provided, "A road established by prescription not worked *or used* for a period of five years ceases to be a highway for any purpose whatever...." (Emphasis added.) Here the road was not established by prescription but rather by formal action of the then governing entity. Further, the position of the highway district ignores the dual requirement that a road not be *worked* or *used.* Here the evidence, albeit controverted, indicates continued usage of the road to the present time, and hence the requirement of the then statute was not met, and the decision of the district court is supported by the evidence.

The legislature has removed any ambiguity which might have been seen in the previous statutes by its enactment of the present I.C. §§ 40–202, 40–203. Therein the legislature has specified the method for the selection of a county highway system or highway district system, and the method for abandonment and vacation of county and highway district system highways. Therein procedures are set forth to "withdraw public highway status from any highway in the county or highway district system." There is no indication in the record that the highway district in the instant circumstance has initiated any formal proceedings in conformance with the statute to withdraw the road in question from its highway district system.

The highway district asserts that such an informal abandonment procedure was recognized and approved in *Elder v. North-*

*west Timber Company*, 101 Idaho 356, 613 P.2d 367 (1980). We find *Elder* to be inapposite to the present case. In *Elder* two landowners dedicated portions of their property to be used for a road in 1909. In *Elder* there was no indication that the county took any formal procedures to open the road, and use of the road was nonexistent after 1929. Thereafter the road was at least partially washed out and never repaired. It was not until 1974 that a successor in interest constructed a road along the original 1909 route, and the second successor in interest objected to that portion of the road that traversed his property. This Court affirmed the trial court's holding that any road that might have existed had long since been abandoned. Therein the Court made clear that the trial court's finding was correct, since it was based on nonuse and nonwork.

The highway district also asserts that abandonment was shown in the instant case because the frequency nature and quality of the public use of the road was inadequate. We find no direct Idaho authority as to the amount of public use which will prevent a finding of abandonment. *Elder, supra* does not specifically address the question of a public road established by formal action of the governing body. *See also Rich v. Burdick*, 83 Idaho 335, 362 P.2d 1088 (1961). The clear weight of authority in other jurisdictions indicates that any continuous use no matter how slight, by the public, is sufficient to prevent a finding of abandonment. *See Sellentin v. Terkildsen*, 216 Neb. 284, 343 N.W.2d 895 (1984); *State ex rel. Perkins v. Taylor*, 666 S.W.2d 853 (Mo.App.1984); *Anderson v. Richards*, 96 Nev. 318, 608 P.2d 1096 (1980); *Fore v. Volentine*, 385 So.2d 860 (La.App.1980); *Sarver v. County of Allen*, 582 S.W.2d 40 (Ky.1979).

We hold that the ruling of the trial court that the road in question is a public road is sustained by the record, is correct, and is affirmed.

As noted, the trial court denied Taggart's request for attorney fees, holding that the highway district's defense in the action was not frivolous nor unreasonable. *See* I.R.C. P. 54(e)(1). The determination to award attorney fees under 54(e)(1) is committed to the sound discretion of the trial court, and will not be overturned absent an abuse of discretion. *Soria v. Sierra Pacific Airlines*, 111 Idaho 594, 726 P.2d 706 (1986). We hold the trial court did not so abuse his discretion.

Taggart also asserts his entitlement to an award of attorney fees under the private attorney general rule as set forth in *Hellar v. Cenarrusa*, 106 Idaho 571, 682 P.2d 524 (1984). In *Hellar* we enunciated the factors required for an award of attorney fees under that doctrine, *i.e.*, (1) the strength or societal importance of the public policy indicated by the litigation; (2) the necessity for private enforcement and the magnitude of the resultant burden on the plaintiff; and, (3) a number of people standing to benefit from the decision.

In the instant case we find that the three factors have been satisfied. The record establishes conclusively that formal procedures were undertaken by the Latah Board of County Commissioners in opening, dedicating and recording Public Road 460. Over the course of years the highway district, although claiming the road had been abandoned, took no formal action to declare Public Road 460 as being abandoned. The record reveals, however, that the highway district, for the purpose of receiving allocations of public monies, submitted maps to the State Department of Transportation indicating thereon that road 460 was public. Taggart was required to expend considerable sums of money in litigation to vindicate his rights and the rights of the public to the road. While the numbers of the public who will benefit from Taggart's action are much smaller than those allegedly benefited in *Hellar*, the principle remains the same.

Hence, we reverse the order of the trial court as it denied attorney fees to Taggart, and remand that portion of the action to the district court for a finding as to, and an award of, reasonable attorney fees.

Costs to appellant Taggart; no attorney fees on appeal.

BISTLINE and HUNTLEY, JJ., and TOWLES, J. Pro Tem, concur.

BAKES, Justice, concurring in part and dissenting in part:

I concur in the majority opinion except the majority's overruling of the trial court's decision denying attorney fees. Not only does the majority opinion erroneously apply the private attorney general doctrine to this case, but it also erroneously applies the appellate court standard of review of trial court decisions awarding attorney fees.

Although the majority properly recites the elements of the private attorney general doctrine, as stated in *Hellar v. Cenarrusa*, 106 Idaho 571, 682 P.2d 524 (1984), and *Serrano v. Priest*, 20 Cal.3d 25, 141 Cal. Rptr. 315, 569 P.2d 1303 (1977) (*en banc*), it improperly applies the facts of the instant case to elements one and three. Here, neither the societal importance in the public policy issue involved, nor the number of people standing to benefit from the decision, brings this case to a level sufficient to substantiate an award of attorney fees. The two cases cited in the majority opinion show clearly how this case does not qualify. In *Hellar*, the constitutionality of the Idaho legislative reapportionment scheme was involved, affecting virtually every Idaho citizen. Likewise, in *Serrano* every taxpayer and every person with an interest in the public school system was affected by the constitutional equal protection question presented there.

Conversely, the facts of the instant case do not remotely rise to the threshold levels established in either *Hellar* or *Serrano*. The preservation of the public status of this seldom-used road does not involve such a substantial societal interest that the litigation regarding this particular road approaches constitutional proportions. Neither is the number of people standing to benefit from the decision great; only one man, Mr. Taggart, will substantially benefit from the instant litigation. The societal importance of, and the number of people interested in, Road 460 is best demonstrated by its condition. Appendix A is a picture of the road taken a few weeks before trial. The district judge before whom the case was tried realized this when he ruled on Taggart's request for attorney fees. Judge Schilling stated:

"These factors are not sufficiently established in this case to justify awarding attorney's fees under the private attorney general doctrine. While the plaintiff did take on a large burden in establishing Road 460 as a public road that had not been abandoned, this case involved no paramount societal interest and benefitted no great number of people."

Taggart's request for attorney fees was denied by the trial court. The determination to award attorney fees is committed to the sound discretion of the trial court and will not be overturned absent a clear abuse of discretion. *Soria v. Sierra Pacific Airlines*, 111 Idaho 594, 726 P.2d 706 (1986); *Hellar v. Cenarrusa*, *supra*. As has been shown above, two elements of the private attorney general doctrine are not met by the facts of the instant case. The trial judge clearly did not abuse his discretion, and we should affirm his decision. The majority opinion trivializes the private attorney general doctrine and ignores our proper standard of appellate review.

## ON REHEARING

A petition for rehearing was filed and granted by this Court solely as to the issue of attorney fees, and after review thereof a majority of the Court continues to adhere to the original majority opinion.

BAKES, J., continues to adhere to the concurring in part and dissenting in part opinion filed herein.