6 P.3d 826

**In the Matter of the Public Right–Of–Way Validation and Order Resolution No. 95–12–2, Canyon Highway District No. 4, Canyon County, State of Idaho.**

**Martin GALVIN and Pat Galvin, husband and wife, Petitioners–Appellants,**

v.

**CANYON HIGHWAY DISTRICT NO. 4, Respondent.**

No. 25346.

Supreme Court of Idaho, Boise, February 2000 Term.

July 19, 2000.

Wiebe & Fouser, Caldwell, for appellants. Thomas A. Sullivan argued.

White, Peterson, Pruss, Morrow & Gigray, P.A., Nampa, for respondent. Christopher S. Nye argued.

WALTERS, Justice.

This is an appeal from a district court decision affirming the Canyon Highway District's decision to validate a public right-of-way. We vacate the highway district's validation order and remand the case to the highway district's Board of Commissioners for further proceedings.

## BACKGROUND AND PRIOR PROCEEDINGS

The public right-of-way at issue in this case is a portion of Old Middleton Road that provides the only access to three or four residences, but apparently no longer has any other general public purpose.

Middleton Road has been in use since sometime prior to 1914. Until 1968, it ran north from Middleton, Idaho along the Newman canal and around McIntyre Hill to the west and north. In 1968 or 1969, a new road was built that forked to the south and east of McIntyre Hill and then rejoined the old road. This New Middleton Road diverted traffic from the Old Middleton Road that ran to the west and north of the hill. The majority of Old Middleton Road remains unused. However, several local residents continue to use a short portion to access their property. This short portion of the road is located, at least partially, on property owned by Martin and Pat Galvin.

In 1995, David Freeman discovered that he could not obtain the title insurance needed to transfer a parcel of land located on Old Middleton Road because the title company considered the property landlocked. The title company apparently determined that Old Middleton Road was abandoned when New Middleton Road was constructed. To obtain access, Freeman needed to travel over the portion of Old Middleton Road that lies on the Galvins' property. Freeman attempted to obtain an easement from the Galvins, but they could not reach an agreement. Consequently, on September 29, 1995, Freeman requested an "easement" from Canyon Highway District No. 4. The district's Board of Commissioners determined that it could solve the problem by validating the public right-of-way pursuant to I.C. § 40-203A.

Following a public hearing, the Board approved Public Right of Way Validation and Order/Resolution No. 95-12-2, which validated the public right-of-way over this short portion of Old Middleton Road. The Board's resolution contained findings of fact that stated in part:

2. That these proceedings have been initiated by the Highway District Commissioners on their own resolution which is based upon the following conditions, there is either through omission or defect as a result of a prior vacation of a portion of road formally known as "Old Middleton Road" as to the legal establishment of the subject public right of way."

. . .

6. That the Highway District has constructed a culvert at the location of the public right of way and said public

right of way serves as access to two (2) private roads.

7. That it is in the best interest of the Highway District to declare the right of way a public right of way.

The Board's findings of fact do not otherwise address the establishment, use, or public maintenance of Old Middleton Road.

The Galvins petitioned the district court for review of the highway district's order. They then moved to supplement the agency record with findings of fact and conclusions of law made in a separate highway district proceeding instituted after the validation at issue in this case where the highway district vacated the remaining unvalidated portion of Old Middleton Road. The Galvins also requested an estimated cost of transcript, but the highway district was unable to find the tape recording of the hearing. The district court remanded to the highway district for a transcribable record of the proceedings before the Board and consequently denied the Galvins' motion to augment.

The Board held another hearing – apparently attempting to duplicate the previous hearing. The chairman opened the hearing by stating "[a]t this time I wish to set forth the general format of how we will conduct this hearing. The hearing is for the purpose of taking testimony only. A decision has already been made." A transcript of the second hearing was prepared, and the district court proceedings continued.

The district court affirmed the validation order, and the Galvins appealed. We address the following issues on appeal: 1) whether the district court erred by denying the Galvins' motion to augment the agency record, and 2) whether the Board's findings of fact are sufficient to support a validation under I.C. § 40–203A.

## STANDARD OF REVIEW

■ Idaho Code § 40–208 governs the judicial review of decisions made by a board of county or highway district commissioners in a validation proceeding. Since the district court was acting in its appellate capacity, this Court reviews the highway district's action independent of the district court's decision.

*See Ferguson v. Board of County Comm'rs for Ada County,* 110 Idaho 785, 788, 718 P.2d 1223, 1226 (1986). Our review is limited to the record of the highway district proceedings. *Floyd v. Board of Comm'rs of Bonneville County,* 131 Idaho 234, 953 P.2d 984 (1998). We will not substitute our judgment for that of the commissioners on questions of fact. I.C. § 40–208(7). However, we freely review questions of law and may affirm the commissioners' decision or remand the case for further proceedings. *Id.*

## DISCUSSION

### I.

**The district court did not err by denying the Galvins' motion to augment.**

■ On February 13, 1997, the Galvins filed a request for estimated cost of transcript and a motion to augment the agency record. The Galvins sought to introduce the findings of fact and conclusions of law made in a separate and subsequent highway district proceeding vacating the portion of Old Middleton Road that had not been validated.

The district court does not appear to have reached the merits of the Galvins' motion to augment. In response to the Galvins' request for estimated cost of transcript, the highway district indicated that it could not find the tape recording of the hearing. The court determined that it could not proceed without a transcript and remanded to the highway district "so that a transcribable record of the Board's decision in this matter may be created." The court was remanding the case for a more complete record and therefore denied the Galvins' motion to augment noting that "I.R.C.P. 83(q) states that any party desiring to augment the transcript and record may file a motion with the district court within 21 days of filing of the settled transcript and record...." The Galvins did not introduce the proposed augmentation into the record during the hearing on remand nor did they renew the motion to augment.

Since the district court had decided to remand to the highway district to create a more complete record, we find no error in simultaneously dismissing the Galvins' mo-

tion to augment. Furthermore, we see no relevance in the proposed findings of fact that the Galvins sought to introduce. The vacation proceedings were instituted after the validation was complete, refer to the prior validation, and specifically except the validated portion of Old Middleton Road from the vacation. Contrary to the Galvins' arguments, a finding that the vacated portion of Old Middleton Road is unused would not be at all inconsistent with a finding that the validated portion of Old Middleton Road is still in use.

The denial of the Galvins' motion to augment is affirmed.

## II.

**The findings of fact and conclusions contained in the highway district's validation order are not sufficient to support the validation of a public right-of-way under I.C. § 40–203A.**

█ The Board of Commissioners entered its order validating the public right-of-way over this short portion of Old Middleton Road under I.C. § 40–203A. Section 40–203A provides for the validation of "a highway or public right-of-way ... if, through omission or defect, doubt exists as to the legal establishment or evidence of establishment of a highway or public right-of-way." Section 40–203A may only be used to validate an existing highway or public right-of-way about which there is some kind of doubt. It does not allow for the creation of new public rights.

█ In order to validate a public right-of-way under § 40–203A, the Board must first find that a right-of-way exists although there is some doubt about its current status. In this case, if a public right-of-way existed over Old Middleton Road prior to the construction of New Middleton Road and the right-of-way was not abandoned, a validation could be proper. Conversely, if all of Old Middleton Road, including the portion at issue in this case, was abandoned with the construction of New Middleton Road, a validation proceeding

could not be used to create a new public right-of-way where the abandoned one was located. Given the length of time that Old Middleton Road was in use prior to 1968, the primary dispute in this case is not over the existence of Old Middleton Road prior to 1968, but rather the abandonment of this short portion thereafter.

The Galvins argue that Old Middleton Road, including the validated portion, was abandoned and disclaimed by the county sometime in 1968 or 1969 when the New Middleton Road was built. This argument is based upon former I.C. § 40–104. In 1968, and until it was replaced in 1985,[1] I.C. § 40–104 provided that "[a] road established by prescription not worked or used for the period of five (5) years ceases to be a highway for any purpose whatever." According to the Galvins, § 40–104 should be interpreted in light of the requirements found in *Burrup v. Stanger*, 114 Idaho 50, 753 P.2d 261 (Ct.App. 1988). Based upon *Burrup*, the Galvins argue that a prescriptive right-of-way is abandoned if it has not been both used and maintained by the public for five years. They also argue that use by local residents, delivery persons, and other visitors does not constitute sufficient public use to satisfy the requirements found in *Burrup*. Since Old Middleton Road has only seen local residential traffic since the New Middleton Road was constructed, the Galvins argue that it ceased to be a highway for any purpose five years after construction of the new road.

█ This Court has previously considered and rejected the argument that a right-of-way must be both used and publicly maintained to avoid abandonment under § 40–104. *See Taggart v. Highway Bd. for N. Latah County Highway Dist.*, 115 Idaho 816, 771 P.2d 37 (1988). The Galvins' reliance upon *Burrup* is misplaced; *Burrup* only applies to the creation of prescriptive public rights-of-way, not their abandonment. Furthermore, a requirement that a road be both maintained and used to prevent abandonment is contrary to the clear language of § 40–104, which provides for the abandonment of a

---

1. Idaho Code Title 40 was repealed and replaced in 1985. 1985 Idaho Sess. Laws c. 253, p. 286. The abandonment and vacation of highways and public rights-of-way *is now governed by* I.C. § 40–203.

road "not worked *or* used" for five years. (Emphasis added.)

In *Taggart,* this Court also rejected the argument that some arbitrarily high level of public use is necessary to prevent abandonment. The Court stated that "any continuous use no matter how slight, by the public, is sufficient to prevent a finding of abandonment." *Taggart* at 818, 771 P.2d at 39. The situation that the Court was presented with in *Taggart* is nearly identical to the situation presented by this case. In *Taggart,* the road was established in 1904 and constituted the main route between Princeton and Moscow until the 1930s when a more direct route was constructed. Since the new road was constructed, the old road was used primarily to access local residences. The Galvins argue that *Taggart* should be distinguished from the present case because *Taggart's* road was formally established whereas Old Middleton Road is prescriptive. Based upon this distinction, the Galvins argue that only "full public use" as set forth in *Burrup v. Stanger* can prevent the abandonment of a prescriptive road. The first thing to note is that only prescriptive rights-of-way can be abandoned under § 40–104. *Taggart* could possibly have been decided by simply stating that a formally established road cannot be abandoned under § 40–104. However, we reiterate the rule stated in *Taggart* and believe that it is applicable to a road established by prescription. Indeed, *Sellentin v. Terkildsen,* 216 Neb. 284, 343 N.W.2d 895 (1984), which was relied upon in *Taggart,* involved a prescriptive right-of-way. *Sellentin,* in turn, relied upon *Smith v. Bixby,* 196 Neb. 235, 242 N.W.2d 115 (1976), where the court stated

> The defendant contends that even though the public may have used the road for the requisite period of time to establish a prescriptive right, nevertheless, it had been abandoned as a public road for more that 10 years because the regular users of the road are now reduced to the plaintiff and Louden and their families, and irregularly by persons interested in traveling to and from their ranches. The defendant cites no authority, nor do we find any, to support the contention that when only a few members of the public use a road regularly, the road may be deemed abandoned. Neither is there any authority to support the proposition that public rights acquired by prescription are lost or abandoned because of a substantial reduction in the number of members of the public who continue to make use of the rights previously acquired.

*Id.* at 118. Likewise, we can see no reason why the normal residential use of an established public right-of-way should be insufficient to prevent its abandonment.

However, while we disagree with the Galvins' characterization of the nature and frequency of public use necessary to prevent abandonment of a public right-of-way under former I.C. § 40–104, we are compelled to remand this case to the Board of Commissioners because there are no findings of fact or conclusions of law available for our review regarding either the existence of Old Middleton Road prior to 1968 or its subsequent alleged abandonment. The Board made no findings of fact regarding the establishment and use of Old Middleton Road prior to 1968 and no findings of fact regarding the use of this portion of Old Middleton Road after New Middleton Road was constructed. The district court determined that this portion of Old Middleton Road had not been abandoned and that the public use and maintenance of this portion was sufficient, even after 1968, to establish a public right-of-way. However, this was based upon the court's own review of the facts rather than any findings made by the Board. Furthermore, the district court's use of *Burrup* in its analysis of the use and maintenance of Old Middleton Road after 1968 was improper. If a public right-of-way over Old Middleton Road existed prior to 1968, the public use of that right-of-way necessary to prevent abandonment is governed by *Taggart* rather than *Burrup.*

Because the Board did not make sufficient findings of fact and conclusions of law, we are unable to determine the basis upon which the Board ordered this validation. Consequently, we vacate the Board's validation order and remand the case to the Board for further proceedings.

## CONCLUSION

The validation order is vacated and the case is remanded for further proceedings. Costs to the appellants, the Galvins. No attorney fees are awarded.

Chief Justice TROUT and Justices SILAK, SCHROEDER and KIDWELL concur.