59 P.3d 976

### The JOHN W. BROWN PROPERTIES, Plaintiff–Appellant,

### v.

### BLAINE COUNTY, State of Idaho, a body politic and political subdivision of the State of Idaho, acting through its duly elected Board of Commissioners now serving: A.W. (William) and Maxine Molyneux, husband and wife; The Molyneux brothers Partnership; Ruth Schoessler, a widow; and Lakeside Industries, Defendants–Respondents.

### No. 27647.

Supreme Court of Idaho,
Twin Falls, November 2002 Term.

Nov. 26, 2002.

James Annest, Burley, argued for appellant.

Douglas A. Werth, Ketchum, argued for respondent Blaine County.

Hogue & Dunlap, L.L.P., Hailey, for respondents Molyneuxs and Molyneux Brothers. Terry G. Hogue argued.

Rolig & Peterson, Twin Falls, for respondent Schoessler. Steven D. Peterson argued.

May & May Law Offices, Twin Falls, for respondent Lakeside Industries. Jay D. Sudweeks appeared.

## SUBSTITUTE OPINION

## THE COURT'S PRIOR OPINION DATED FEBRUARY 25, 2002, IS HEREBY WITHDRAWN.

## ON REHEARING

WALTERS, Justice.

John Brown Properties appeals from the summary judgment holding that Grove Road leading to its property known as Grove Ranch was abandoned through lack of public use and maintenance at the public expense for more than five years. Because we find in the record no evidence of any use or maintenance of the road between 1973 and 1986, we affirm the decision of the district court.

## FACTS AND PROCEDURAL BACKGROUND

A gravel road known as Grove Road runs southward from Baseline Road in Blaine County along the westerly boundary of a parcel owned by the Molyneux Family Partnership and individual Molyneux family members (Molyneux) and provides access to Grove Ranch, which is owned by John Brown Properties (Brown), a joint venture. In 1990, Molyneux put up a locked steel gate across the road blocking access to Grove Ranch after learning that Brown intended to sell two parcels of Grove Ranch. Brown filed suit against Molyneux, Blaine County and the County Commissioners in March of 1993, seeking a declaration that Grove Road was a public road maintained by Blaine County. Brown also sought an injunction requiring the removal of the obstruction put in place by Molyneux and for damages caused by the placement of the gate on the road.

The defendants moved for summary judgment asserting that Grove Road was not a public road. The district court granted summary judgment on the ground that Grove

Road had not been established as a county road through the recordation of documents. The court did not rule on the theory that Grove Road had become a county road through public use and maintenance, which the district court determined had not been raised specifically in the complaint. When Brown appealed the district court's decision, the Court of Appeals held that Brown's complaint was sufficient to encompass a claim that Grove Road was rendered a public highway through public use and county maintenance for a period of more than five years. The Court of Appeals affirmed the summary judgment only insofar as it dismissed any claim based upon the creation of a public road through recordation of documents or by order of the county commissioners. Accordingly, the Court of Appeals reversed the summary judgment with respect to whether a public road had been established through public use and maintenance and remanded the case for a determination of that claim. *The John W. Brown Properties v. Blaine County*, 129 Idaho 740, 932 P.2d 368 (Ct.App. 1997).

Following remand, Brown filed an amended complaint adding Lakeside Industries and Ruth Schoessler as indispensable parties. The newly-joined defendants filed motions to dismiss, which were heard along with motions for summary judgment filed by Molyneux and Blaine County. The defendants contended that, even if Grove Road had once been a public roadway by reason of public use and public maintenance, it had been abandoned through lack of such use and maintenance for a period of at least five years and was therefore no longer a county roadway. In a decision issued on August 27, 1998, the district court determined that Brown had met its burden of production and shown that a genuine question of fact appeared as to whether a public road existed extending from Baseline Road south to the border of the Brown property. More importantly, however, the district court held that the defendants were entitled to summary judgment on their assertion that Grove Road had been abandoned by the county through lack of any public use or maintenance for the

statutory period described in I.C. § 40–203 (Supp.1992). The district court ruled:

> Based on the evidence submitted by the parties, and viewing the facts in the light most favorable to the Plaintiff, there are no genuine issues of fact presented as to whether the County ceased maintaining Grove Road between 1973 and 1986. The record reflects three occasions on which work was done on parts of the northern .63 miles of Grove Road. The work was done as a favor for a landowner (Wayne Clark) and fails, in the face of the evidence presented by the Defendants, to raise an issue of genuine fact that Grove Road was maintained at public expense.

> . . . .

> The record is absent any specific factual evidence provided by Brown to support the element of public use over Grove Road. . . . The record does not disclose any admissible facts showing the public has used Grove Road "as it would any similar public highway" for more than twenty years. All of the public use cited in the affidavits offered by the Plaintiff refer to use by the public prior to 1973, with the exception of John W. Sweet. . . . There is however, no time period cited by Mr. Sweet during which the above public use took place. Therefore, based on Idaho Rule of Civil Procedure 56(e), this Court finds those conclusory and general statements fail to set "forth specific facts showing that there is a genuine issue for trial." I.R.C.P. 56(e).

In awarding summary judgment to the defendants, the district court concluded that Grove Road, to whatever extent it had existed as a public road, had been abandoned pursuant to I.C. § 40–203(4). The district court denied Brown relief on his motion for reconsideration, and Brown appealed once again. The appeal was decided initially by the Court of Appeals. Brown petitioned this Court for review, and we granted the petition. After issuing an opinion in February, 2002, we granted Brown's request for rehearing.

## ANALYSIS

### A. Standard of Review

On a petition for review, the Supreme Court is not called upon to either affirm or reverse the decision of the Court of Appeals. The Supreme Court gives serious consideration to the Court of Appeals' decision; however, this Court reviews the trial court's decision directly. *Montane Resource Associates v. Greene,* 132 Idaho 458, 461, 974 P.2d 510, 513 (1999) (citing *Northland Ins. Co. v. Boise's Best Autos & Repairs,* 131 Idaho 432, 433, 958 P.2d 589, 590 (1998)). This Court does not merely review the correctness of the Court of Appeals' decision; rather, this Court determines the matter as if the case were on direct appeal from the district judge's decision. *Id.*

### B. Summary Judgment

Summary judgment is proper if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c); *Bonz v. Sudweeks,* 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). The burden of proving the absence of an issue of material fact rests at all time upon the moving party. *McCoy v. Lyons,* 120 Idaho 765, 769, 820 P.2d 360, 364 (1991); *G & M Farms v. Funk Irrigation Co.,* 119 Idaho 514, 517, 808 P.2d 851, 854 (1991). When a motion for summary judgment has been properly supported with evidence indicating the absence of material factual issues, the opposing party's case must not rest on mere speculation, and a mere scintilla of evidence is not enough to create a genuine issue of fact. *McCoy,* 120 Idaho at 769, 820 P.2d at 364; *G & M Farms,* 119 Idaho at 517, 808 P.2d at 854. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.,* 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986).

On their motion for summary judgment, the defendants raised the issue of whether the disputed roadway known as

Grove Road, if it was ever established as a public road, was abandoned by lack of public use and maintenance for a five-year period. Relying on I.C. § 40–203, the defendants asserted that a public roadway may be abandoned in one of two ways depending upon whether the road was established by the recordation of documents by the Board of County Commissioners or prescriptively. Assuming for purposes of argument that Grove Road was established by prescription,[1] the defendants bore the burden on summary judgment to demonstrate that Grove Road had not received either public use or public maintenance for a period of at least five years, thus resulting in the road "ceas[ing] to be a highway for any purpose whatever."[2]

Defendants submitted affidavits showing that from 1973, when A.W. Molyneux purchased his southernmost parcel bordering Grove Road on the west, there was no public use or maintenance of the road. In the affidavits of Molyneux, William Yager, the ranch foreman for Lakeside Industries, and Ruth Schoessler, who either owned or worked property adjacent to Grove Road, each averred no knowledge of any maintenance done by the county on the .25 mile segment of the road that lies south of the old boundary between the Clark property and the Byington property, which Molyneux purchased in 1973. Yager testified that since 1983, there was no use of the .25 mile segment and that the uninhabitable home on the Grove Ranch burned down in 1980. In their affidavits, Dale Shapee and Doug Swaner, employees of the county highway department, testified that the only county work done on the northern .63 miles of Grove Road had been done as a favor to a landowner, including three specific instances in the 1980's that were not part of routine maintenance by the county.

The district court also reviewed the plaintiff's evidence, which included the affidavits of John Sweet, Wayne Clark, Vernile Byington, and of Letha Kinnie, who was a granddaughter of the owner of Grove Ranch. These affidavits had accompanied Brown's opposition to the defendants' original summary judgment motion. Clark testified that from 1944 to 1960, when he served as county commissioner, Grove Road was considered a county road. Letha Kinnie testified that Grove Road was reputed to be a county road, which was maintained, as were the other county roads; however, she moved away from the area in 1936. John Sweet testified that from 1918 to 1928, the road was maintained by the county as part of its road system. Attached to Sweet's affidavit are undated photos, including one showing vehicle tracks passing around the right side of the locked gate installed in 1990 by Molyneux. Vernile Byington testified that at the time he sold his property to Molyneux in 1973, "there was a public road extending from Baseline Road to the Grove Ranch. The road was called the 'Sisters Grove Road.'" Byington testified that for the twenty years he owned the property, the road was always regarded by everyone in the area as a Blaine County Road, used as a public road by all of the persons surrounding it and by others, including sportsmen, and was maintained through the years by Blaine County as needed, including grading and snow removal. Plaintiff also offered the deposition of David Renfro, who testified that while he was manager of a county work crew, the county had a record of a maintenance check of Grove Road in 1988 and actual maintenance in the form of grading that was performed once in 1986 and once in 1990.

Based on the evidence submitted by the parties and viewing the facts in the light most favorable to the plaintiff, the district

---

**1.** The Court of Appeals in *Brown I* affirmed summary judgment in favor of the defendants/Molyneux dismissing any claim based upon the creation of a public road through recordation of documents by order of the county commissioners. *The John W. Brown Properties v. Blaine County,* 129 Idaho 740, 932 P.2d 368 (Ct.App. 1997). The Court of Appeals however reversed summary judgment in favor of the defendants/Molyneux on the theory that Grove Road

had been established by prescription through public use and public maintenance for a five-year period and remanded for further proceedings on that sole remaining viable theory. *Id.*

**2.** "A highway established by prescription not worked or used for a period of five (5) years ceases to be a highway for any purpose whatsoever...." I.C. § 40–203(4).

court concluded that Brown failed to raise an issue of genuine fact that Grove Road was maintained at public expense from 1973 to 1986. The district court also concluded that all of the public use cited in the affidavits offered by the plaintiff either referred to use prior to 1973 or was so general and conclusory that the affidavits do not set forth specific facts showing the existence of a genuine issue for trial, as required by I.R.C.P. 56(e). Brown argues on appeal that the affidavits of Rupert House, (the commissioner of roads and bridges in the county) and David Renfro, which responded to the defendants' assertions that the only maintenance done on Grove Road from 1973 to 1986 was as a favor to a landowner along the road, raised an issue of fact as to the adequacy of the maintenance performed to avoid abandonment of the road. Brown also contests the district court's conclusion that no genuine issue of fact was raised with respect to public use of Grove Road, but there was no evidence regarding any use of the road during the relevant period of years that could have lead the court to a different conclusion.

In *Galvin v. Canyon Highway Dist. No. 4*, 134 Idaho 576, 6 P.3d 826 (2000), this Court applied the former I.C. § 40-104 to determine whether a residential road had been abandoned during a period commencing in 1968. The language of the statute, which was renumbered as § 40-203 and only amended slightly in 1985, prescribed that "[a] road established by prescription not worked or used for the period of five years ceases to be a highway for any purpose whatever." The Court in *Galvin* clarified that the continuation of either public maintenance or public use would preclude abandonment; however, *Galvin* dealt exclusively with the level of use necessary to prevent abandonment. *Id.* at 579, 6 P.3d at 829. We have not found any Idaho case law addressing the extent of public maintenance that is required to prevent the abandonment of a public roadway.

Brown cites to *State v. Nesbitt,* 79 Idaho 1, 310 P.2d 787 (1957), where this Court held that "[i]t is not required that a prescriptive road be worked on for five consecutive years, nor does the statute require work to be done throughout the road's entire length, but only

requires such work as may be needed be done when necessary, for the statutory period, in order to acquire a right by prescription." *Id.* at 6, 310 P.2d at 790. At the time of *Nesbitt*, I.C. § 40-104 stipulated that a road having been established by prescription could only cease to be a public road by abandonment as provided by law.

Even absent the enunciation of a standard for purposes of determining the sufficiency of public maintenance to avoid an abandonment, none of the affidavits presented by Brown are sufficient to contradict the defendants' evidence that only gratuitous maintenance and aid to the local landowners had been provided by the county in the 1980's. Moreover, during the period in question, the two instances of maintenance testified to by Brown's witness, David Renfro, fail to show that Grove Road was worked and kept up for a continuous period of five years between 1973 and 1986. Thus, the district court did not err in concluding that Brown did not raise a genuine issue of material fact regarding the adequacy of maintenance by the county sufficient to avoid abandonment. The district court correctly held Grove Road to have been abandoned through the discontinuance of public use and public maintenance between 1973 and 1986.

■ Next, Brown argues that Blaine County should be estopped from asserting that Grove Road has been abandoned based upon the road's appearance on maps used by the county from 1968 to 1992 to obtain gasoline tax money from the state and because those maps should be viewed on a par with the official map, which was adopted in 1995. Brown contends that the county cannot legitimately claim the road as a county road for one purpose and also assert that the road was abandoned during that same time.

■ To prevail on a claim of equitable estoppel, it must be shown that a party makes (1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth; (2) that it is made with the intent that it be relied upon; and (3) that the party asserting estoppel relies on it to the party's prejudice. *Twin Falls Clinic & Hosp. Bldg. Corp. v. Hamill,* 103 Idaho 19, 22, 644 P.2d 341, 344 (1982).

Brown has not supported his argument with allegations or evidence that the county included Grove Road on its highway maps with the intent that it be relied upon by Brown or others, nor is there evidence that Brown in fact relied upon the content of the county road maps in any fashion. Because Brown's position that the district court should have conferred on the unofficial maps the significance of an official county map is at odds with the statute outlining the method for a county to adopt an official map and because the elements of an estoppel claim have not been proven, Brown's estoppel argument fails.

■ Next, Brown challenges the district court's finding that the abandonment of Grove Road will not cause the Brown property to be "landlocked." Brown argues that the finding is not supported by the evidence, and a determination that the real property will be landlocked is an obstacle to a decision to an abandonment of a public right of way under Idaho Code, Section 40–203(2). That statute provides: "No highway or part of it shall be abandoned and vacated so as to leave any real property adjoining the highway without an established highway connecting that real property with another highway."

However, we do not find in the record any determinitive evidence presented by Brown to establish that its property would be landlocked; indeed, Molyneaux has acknowledged that access to the property by the Brown family by way of Grove Road will be allowed. Only use as a public road will be inhibited. Furthermore, if as the county argued Grove Road was abandoned in 1978 upon a showing of non-use and non-maintenance for a period of five years, the abandonment of Grove Road predates the amendment to the statute whereby I.C. § 40–203(2) was added.[3] Brown's argument in this regard is without merit.

■ As previously noted, I.C. § 40–104 and I.C. § 40–203 provide a self-executing mechanism under which a public roadway that had been established by prescription could be abandoned, in the event that there was neither public maintenance nor public use for the required five-year period. *See Elder v. Northwest Timber Co.,* 101 Idaho 356, 613 P.2d 367 (1980). Despite the language of the statute, Brown's final argument is that abandonment of a road does not occur without some formal action of the commissioners. Brown relies on *Nicolaus v. Bodine,* 92 Idaho 639, 448 P.2d 645 (1968), a case involving the announcement by the county commissioners that they were going to abandon a bridge. In light of that pronouncement, the residents in the area filed the action to require the commissioners to repair the bridge so it could be used. The Supreme Court on review of the commissioners' action held that I.C. § 40–501 governed the abandonment of highways and bridges and that the county must go through the formal abandonment process in order to declare the bridge abandoned. *Id.* at 642, 448 P.2d at 648. In the present case, there was no pronouncement by the county that they were no longer going to maintain Grove Road and instead the five years merely went by with no action, no maintenance or use, which caused the road to cease to be a public highway under I.C. § 40–104.

On rehearing, the parties addressed the applicability of this Court's recent decision in *Floyd v. Board of Commissioners of Bonneville County,* 137 Idaho 718, 52 P.3d 863 (2002). That case is distinguishable, however, because it involved the alleged abandonment by five years of nonuse and lack of maintenance of a public roadway that provided access to public lands. We held in *Floyd* that such a road could be abandoned only through affirmative action by the county commissioners following a public hearing upon a petition to abandon the road. *See also Blaine County v. Bryson,* 109 Idaho 123, 705 P.2d 1078 (Ct.App.1985). In the present case, Grove Road does not provide access to public lands but terminates on the Brown property.

## C. Attorney Fees

■ The Respondents request attorney fees on this appeal, including the rehearing, arguing that the appeal was pursued

---

**3.** 1986 Idaho Sess. Laws, ch. 206, § 3, p. 512.

frivolously and without foundation. The Court may award attorney fees to the prevailing party or parties under I.C. § 12–121. An award of attorney fees on appeal is appropriate when the appeal is brought or defended frivolously, unreasonably, or without foundation. *Anson v. Les Bois Race Track, Inc.,* 130 Idaho 303, 939 P.2d 1382 (1997). The Court in this case is not left with the abiding belief that the appeal was brought, pursued or defended frivolously or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). Accordingly, we do not award fees.

The judgment of the district court is hereby affirmed. Costs to Respondents.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN concur.