## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 35189

)
BLACK DIAMOND ALLIANCE, LLC.    )       Boise, February 2010 Term
)
               Plaintiff/Respondent, )     2010 Opinion No. 35
v.                                   )
                                     )     Filed: March 25, 2010
SHERRY KIMBALL,                 )
                                     )     Stephen W. Kenyon, Clerk
                Defendant/Appellant. )
)

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Hon. Gregory S. Anderson, District Judge.

The decision of the district court is <u>affirmed.</u> Attorneys fees and costs are awarded to Respondent.

Wright, Johnson, Tolson & Wayment PLLC, Idaho Falls, for Appellant. David Anthony Johnson argued.

Just Law Office, Idaho Falls, for Respondent. Kipp Lee Manwaring argued.
_____

W. JONES, Justice

### FACTS AND PROCEDURAL HISTORY

Sherry Kimball purchased a house in Idaho Falls, Idaho on August 30, 1988. On January 15, 2004, Kimball refinanced her home through Wells Fargo Bank, who later assigned the promissory note and deed of trust to Fremont Investment & Loan. Beginning September 1, 2006, Kimball fell behind on her monthly mortgage payments. On October 23, 2006, Fremont sent a notice informing Kimball that her loan was in default and that it intended to foreclose upon her property if she did not cure the default within thirty days. In January of 2007, when Kimball failed to cure the default, Fremont began a non-judicial foreclosure proceeding and on January 22, 2007, Just Law, Inc. was appointed as successor trustee of the deed of trust.

The initial trustee's sale (first trustee's sale) to dispose of Kimball's property was scheduled for May 29, 2007, and Kimball admitted receiving proper notification of the sale. On the morning of the scheduled sale, Kimball alleges she entered into an agreement with Fremont

1

whereby she agreed to make a $3,000 partial payment of the past due balance in exchange for deferment of the sale until June 18, 2007. The Trustee, however, verbally announced at the time and place of the first trustee's sale that it had been rescheduled for June 12, 2007, at 11:00 a.m. and would be held at First American's office in Idaho Falls.

At the second trustee's sale, Black Diamond, a company that purchases and sells distressed properties, purchased Kimball's property for $112,500. On June 13, 2007, the day after the sale, Black Diamond placed a pamphlet and note on Kimball's door indicating that it had purchased her house. The Trustee's Deed was recorded on June 14, 2007, and sent to Black Diamond on June 15, 2007.

Kimball claims she was surprised by the sale of her property because she alleges that in exchange for the payment of $3,000, Fremont promised to give her until June 18, 2008, to pay the balance of the note. Kimball also alleges Fremont informed her that the trustee's sale had been cancelled and alleges that the Trustee confirmed the cancellation. Kimball attended neither of the scheduled trustee's sales because she claims there was no need to attend a cancelled sale and received no notice of the rescheduled sale.

Black Diamond commenced this action by filing a complaint on July 6, 2007, and it filed an amended complaint on August 17, 2009. In its amended complaint, Black Diamond sought a writ of ejectment in order to remove Kimball from her property, a writ of restitution, and attorney fees and costs. On November 7, 2007, Kimball filed an answer and a counterclaim; Kimball claimed the trustee's sale was invalid because she did not receive notice of the second sale and her forbearance agreement with Fremont. Black Diamond subsequently filed a reply wherein it asserted as a defense that it was a bona fide purchaser for value.

On January 18, 2008, Black Diamond filed a motion for summary judgment on all claims. In its memorandum, Black Diamond argued that the first trustee's sale had been postponed, not cancelled, and consequently Kimball received adequate notice through the oral announcement made at the scheduled time and place of the first trustee's sale. Additionally, Black Diamond asserted that it was entitled to summary judgment on Kimball's unjust enrichment claim and as a defense, asserted that it was a bona fide purchaser for value. Kimball filed a response to the motion for summary judgment on February 15, 2008. In her response, Kimball again argued the first trustee's sale had been cancelled, not postponed; Black Diamond was not a bona fide purchaser; and noted discovery was still pending on the bona fide purchaser

issue. A hearing was held on March 6, 2008, and the district court, on March 12, 2008, granted Black Diamond's summary judgment motion.

Kimball then filed a motion for reconsideration, and Black Diamond filed a memorandum in response. The district court, on March 15, 2008, granted Kimball's motion for reconsideration and vacated the court's earlier grant of summary judgment. In so doing, the district court found there was a material question of fact as to whether Fremont agreed to cancel the first trustee's sale or merely to postpone it.

On June 4, 2008, Black Diamond filed a motion for reconsideration and subsequently filed a memorandum in support of its motion. Kimball filed a response to Black Diamond's motion for reconsideration and on August 25, 2008, Black Diamond filed a motion and memorandum for partial summary judgment, seeking summary judgment on the issue of whether Black Diamond was a bona fide purchaser for value. Kimball filed a response to the motion. On October 24, 2008, the district court granted Black Diamond's motion for reconsideration on the first issue, whether Kimball received adequate notice of the second trustee's sale, and the court awarded Black Diamond summary judgment on the second issue, whether it was the bona fide purchaser for value. Black Diamond moved for summary judgment on Kimball's remaining claim of unjust enrichment and on January 15, 2009, the district court granted Black Diamond's motion. Kimball filed a notice of appeal on January 23, 2009.

## ISSUES ON APPEAL

1. Whether Kimball received adequate notice of the rescheduled trustee's sale.
2. Whether Black Diamond was a bona fide purchaser for value.
3. Whether attorney fees should be awarded to Black Diamond on appeal.

## STANDARD OF REVIEW

> The Supreme Court reviews a district court's decision on summary judgment using the same standard as that properly employed by the trial court when originally ruling on the motion. Summary judgment is appropriate only when the pleadings, depositions, affidavits and admissions on file show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

*Zollinger v. Carrol*, 137 Idaho 397, 399, 49 P.3d 402, 404 (2002) (citations omitted). "The interpretation of a statute is a question of law over which we exercise free review." *State v. Schwartz*, 139 Idaho 360, 362, 79 P.3d 719, 721 (2003).

**ANALYSIS**

**I.      Kimball received adequate notice of the trustee's sale.**

Kimball claims that Idaho Code section 45-1506(8), as applied to this case, violates her due process rights under the Fourteenth Amendment of the United States Constitution and Article I, section 13 of the Idaho State Constitution.   Kimball argues that under both constitutions the right to due process is guaranteed, requiring meaningful notice before judicial action can be taken against an individual or her property.  Given that she was informed that the first trustee's sale had been cancelled, Kimball argues the verbal announcement made on May 29, 2008, without more, deprived her of reasonable notice and an opportunity to be heard.

Black Diamond claims Kimball's counsel, David Johnson, stipulated at the summary judgment hearing held on March 6, 2008, that the first trustee's sale had been postponed, not cancelled.  Black Diamond therefore claims disposition of the action rests upon the construction of Idaho Code section 45-1506(8).  Black Diamond asserts that when a sale is postponed, under Idaho Code section 45-1506(8), the trustee need only announce at the time and place of the original sale, the date and time of the rescheduled sale.  Black Diamond argues that the trustee complied with these requirements when "[o]n May 29, 2009 at 11:00 a.m. – the date and time of the originally scheduled sale – the trustee's crier announced postponement of the sale and gave the date and time of the rescheduled sale – June 12, 2009 at 11:00 a.m."

Kimball's principal argument is that she was deprived of due process because she did not receive notice of the postponed sale date.   Kimball states she "is not challenging the constitutionality of Idaho Code § [45-1506(8)] as a whole, but only as to the facts and circumstances of this case."  Since due process requirements pertain when there is a state actor and since the only action of the state in this case was passage of Idaho Code section 45-1506 and since Kimball does not assert that this code section is constitutionally defective, it is not apparent how a due process violation may have occurred in this case.  A facial review of the statute does not reveal that the Legislature enacted a constitutionally deficient notice provision in Idaho Code section 45-1506(8).

Subsection 8 provides that a trustee sale must be held at the time and place designated in the notice of sale (or notice of rescheduled sale where the original sale was barred by a stay as provided in Idaho Code section 45-1506A) but that the trustee may postpone the sale upon request of the beneficiary "by publicly announcing at the time and place originally fixed for the

4

sale, the postponement to a subsequent date and hour." If a deed of trust obligor wanted to protect his or her interests, he or she would attend the initial sale and be present to hear of any postponement and act accordingly to protect those interests at the later date. On the other hand, if the obligor did not show up at the initially scheduled sale, one might assume that he or she essentially waived any notice of a postponed sale. This is where the distinction between a canceled sale and a postponed sale becomes important.

The statute does not eliminate the need for a new notice in the event that a sale is canceled, rather than merely being postponed to a subsequent date in accordance with the requirements of Idaho Code section 45-1506(8). Were the Legislature to have specifically provided in the statute that no notice of a new sale had to be given where the original sale was unconditionally canceled, Kimball might have a viable argument. However, that is not the case here.

In her affidavit opposing Black Diamond's motion for summary judgment, Kimball stated three times that the sale had been canceled. The court initially entered summary judgment against her but granted reconsideration based on her contention that the sale was canceled, rather than merely being postponed. This appeared to be a winning argument. Inexplicably, Kimball's counsel did not follow up with this same argument in subsequent proceedings. It is not entirely clear whether counsel stipulated that the issue was to be decided on the basis of a postponement rather than a cancelation, but what is clear is that this argument was not advanced on appeal to this Court. Unfortunately, Kimball's best argument was simply not pursued on appeal and this Court is not, therefore, in a position to act upon a ground not presented on appeal. Our decision disposes with the case and renders consideration of the remaining non-attorney fee issues unnecessary.

### III. This Court awards Black Diamond attorney fees on appeal under Idaho Appellate Rule 11.2.

Black Diamond requests costs and attorney fees on appeal under Idaho Appellate Rules 41 and 35(b)(5) and Idaho Code sections 12-120(3) and -121.[1] Kimball has not requested attorney fees on appeal.

---

[1] On December 10, 2008, Black Diamond filed an amended motion for costs and fees, an amended memorandum of costs, and a motion for bond on appeal;Black Diamond sought attorney fees under Idaho Code sections 12-120(3) and 12-121. On December 19, 2008, Kimball filed an objection to the amended motion for attorney fees and costs. The district court held that attorney fees were not warranted under Idaho Code section 12-120(3) because the case did not involve a "commercial transaction." Additionally, the court denied attorney fees under Idaho Code section

Black Diamond claims it is entitled to attorney fees under Idaho Code section 12-120(3) because of "the nature of the underlying commercial transaction . . . ." In support of its position, Black Diamond argues that this Court in *Taylor v. Just*, 138 Idaho 137, 142–43, 59 P.3d 308, 313–14 (2002), found a challenge to the validity of a trustee's sale to be an effort to recover on a commercial transaction.

Kimball argues that attorney fees should not be awarded under Idaho Code section 12-120(3) because there is no contractual privity between the parties, and the property was not commercial in nature.

Under Idaho Code section 12-120(3), "In any civil action to recover on . . . any commercial transaction . . . the prevailing party shall be allowed a reasonable attorney's fee to be set by the court . . . ." "The term 'commercial transaction' is defined to mean all transactions except transactions for personal or household purposes." I.C. § 12-120(3).

This Court declines to award attorney fees under Idaho Code section 12-120(3) because this was not an action to recover on a commercial transaction. The district court properly interpreted this case to be analogous to *PHH Mortgage Services Corp. v. Perreira*, 146 Idaho 631, 641, 200 P.3d 1180, 1190 (2009). In that case, this Court distinguishes *Taylor* on material grounds. In *PHH Mortgage Services Corp.*, this Court stated:

> In *Taylor v. Just*, both parties agreed that the action was to recover on a commercial transaction because the plaintiff had bid at the foreclosure sale in order to obtain the property for resale. This case was brought by PHH to eject the Perreiras and Anestos from their residence, and the Perreiras counterclaim sought to contest the foreclosure sale of their residence. This was not an action to recover in a commercial transaction. *See Bajrektarevic v. Lighthouse Home Loans, Inc.*, 143 Idaho 890, 893, 155 P.3d 691, 694 (2007) (action involving the refinancing of plaintiff's home was not a commercial transaction). Therefore, PHH cannot recover attorney fees on appeal pursuant to that statute, even if they were the prevailing party on appeal.

*Id.* Likewise, this case was not an action to recover on a commercial transaction.

This Court awards attorney fees to Black Diamond under I.A.R. 11.2. Kimball's counsel framed the issue in the district court and this Court as what notice is required for a postponed sale and the law on that issue is clearly stated in Idaho Code section 45-1506(8). Accordingly,

---

12-121 because it found Kimball's defense not to have been frivolous, unreasonable, or without foundation. The district court awarded Black Diamond $440.30 in costs as a matter of right under Idaho Rule of Civil Procedure 54(d)(1)(A), and the court denied a request for discretionary costs under Idaho Rule of Civil Procedure 54(D)(1)(D).

this appeal was frivolously pursued, and the Court exercises its discretion to award Black Diamond attorney fees under I.A.R. 11.2 to be paid personally by Kimball's counsel.

## CONCLUSION

For the foregoing reasons, this Court finds that Kimball received adequate notice of the trustee's sale and that her due process rights were not violated. This Court awards Black Diamond attorney fees on appeal under Rule 11.2 to be paid by Kimball's counsel personally. Costs to Black Diamond.

Chief Justice EISMANN and Justices BURDICK, J. JONES and HORTON **CONCUR.**