## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 36825

| | |
|---|---|
| DON and CHARLOTTE HALVORSON, husband and wife, ) ) ) | |
| Plaintiffs-Appellants, ) ) | Moscow, November 2010 Term |
| v. ) ) | 2011 Opinion No. 12 |
| NORTH LATAH COUNTY HIGHWAY ) DISTRICT, BOARD OF COMMISSIONERS ) FOR THE NORTH LATAH COUNTY ) HIGHWAY DISTRICT; ORLANDO ) ARNEBERG, RICHARD HANSEN, ) SHERMAN CLYDE, in their official ) capacities and in their individual capacities, ) DAN PAYNE, in his official capacity and in ) his individual capacity, ) ) | Filed: February 2, 2011 Stephen Kenyon, Clerk |
| Defendants-Respondents. ) | |

Appeal from the District Court of the Second Judicial District of the State of Idaho, Latah County. Hon. Carl B. Kerrick, District Judge.

The decision of the district court is affirmed.

Don Halvorson and Charlotte Halvorson, Kendrick, pro se appellants. Don Halvorson argued.

Ronald J. Landeck, P.C., Moscow, for respondents.

---

HORTON, Justice

Charlotte and Don Halvorson (the Halvorsons) brought this case against the North Latah County Highway District, the Board of Commissioners for the North Latah County Highway District, Commissioners Orland Arneberg, Richard Hansen, and Sherman Clyde in their individual capacities, and District Foreman Dan Payne in his official capacity and his individual capacity (collectively the Highway District). The Halvorsons own property that abuts Camps Canyon Road. In 2005, the Highway District performed maintenance on Camps Canyon Road

- 1 -

that the Halvorsons claim damaged their property. Also in 2005, the Highway District issued a driveway permit to one of the Halvorsons' neighbors that the Halvorsons claim violated their property rights.

The Halvorsons filed a complaint which included, among other things, tort claims against the Highway District and takings and due process constitutional claims. The district court granted summary judgment in favor of the Highway District and dismissed the Halvorsons' claims. The Halvorsons have appealed. We affirm and award the Highway District costs and attorney fees.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Halvorsons own property located in Latah County, Idaho. Camps Canyon Road runs through the Halvorsons' property and, in one area, acts as the border between the Halvorson property and another property. In the portion of Camps Canyon Road that divides the Halvorsons' property from their neighbors, the centerline of the road constitutes the boundary between the Halvorson property and their neighbors' property. Camps Canyon Road has existed since at least the 1930s and has been open to the public during that time. Camps Canyon Road has been maintained by the Highway District since at least 1974.

Until 1996, Camps Canyon Road was a narrow single track highway. In 1996, the Highway District met with the previous owners of the Halvorson property who agreed to allow the Highway District to straighten and widen Camps Canyon Road. The 1996 alterations involved widening the north side of Camps Canyon Road by approximately four feet. Also in 1996, those previous owners sold the property to the Halvorsons. The Halvorsons have since installed a fence on the northern side of Camps Canyon Road, which is, at points, within fifteen feet of the road's centerline. Dan Payne, the foreman for the Highway District, stated in his affidavit that "[w]hile the fence does not interfere with the public traffic on the traveled surface of Camps Canyon Road, the District's maintenance activities, primarily grading and snow removal, are affected by the fence's placement." The Halvorsons' complaints about the Highway District's activities largely relate to significant, recurring damage to this fence, which has necessitated repair.

In 2005, the Highway District began another effort to widen Camps Canyon Road by approximately four feet, this time by blasting and drilling the southern side of the road. Mr.

Halvorson complained a number of times about alleged damage to his property caused by persons repairing or maintaining Camps Canyon Road.

In 2006, the Highway District granted a driveway permit to the Halvorsons' neighbor, Robert Wagner. Mr. Halvorson complained that the driveway crossed his property. After Mr. Halvorson produced a new survey of his property, Wagner submitted a second application which the Highway District approved. The Halvorsons have not complained about the second driveway permit.

On November 6, 2007, the Halvorsons filed a notice of tort claim. On March 3, 2008, the Halvorsons filed suit in district court alleging tort claims, various constitutional violations under 42 U.S.C. § 1983, and other claims including complaints under I.C. § 18-7001, the criminal statute for malicious injury to property. During this time, the Halvorsons also asked the Highway District to institute validation proceedings regarding Camps Canyon Road. They were told that if they wished to pursue a validation hearing they would need to pay $750, which the Halvorsons refused to pay.

The Halvorsons' complaint led to a year and a half of litigation, including motions for declaratory judgment, motions for reconsideration, and finally cross-motions for summary judgment. On May 11, 2009, the district court handed down an opinion granting summary judgment in favor of the Highway District. The district court found that Camps Canyon Road was a public highway and that, according to I.C. § 40-2312, the statutory width of Camps Canyon Road was fifty feet. The district court found that all of the Halvorsons' claimed damages occurred within the statutorily-prescribed right of way. The district court rejected the Halvorsons' constitutional claims, finding that there had been no taking because the Highway District acted within its statutory authority and that the Halvorsons had not been denied due process. The district court found that the Halvorsons had not been denied the opportunity to participate in a validation proceeding and that the Highway District was not required to hold a hearing prior to issuing a driveway permit. Based on I.C. § 6-905, the district court dismissed all tort claims prior to May 8, 2007, and based on I.C. § 6-904 and I.C. § 6-904B, the district court

dismissed all claims against the individual defendants.[1] The district court dismissed the Halvorsons' remaining claims as without legal merit.

The district court subsequently granted the Highway District's motion for attorney fees and costs. The Halvorsons then appealed. Because the district court had not issued a final, appealable judgment, this Court issued a Conditional Dismissal, giving the district court twenty-one days in which to issue a final, appealable order. The district court issued a final judgment on October 6, 2010, and the Halvorsons' appeal was reinstated.

## II. STANDARD OF REVIEW

"When reviewing an order for summary judgment, the standard of review for this Court is the same standard as that used by the district court in ruling on the motion." *Armstrong v. Farmers Ins. Co. of Idaho*, 147 Idaho 67, 69, 205 P.3d 1203, 1205 (2009) (citing *Mendenhall v. Aldous*, 146 Idaho 434, 436, 196 P.3d 352, 354 (2008)). Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "This Court views the facts and inferences in the record in favor of the non-moving party." *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, ___, 239 P.3d 784, 788 (2010) (citing *Evans v. Griswold*, 129 Idaho 902, 905, 935 P.2d 165, 168 (1997)). Questions of law are subject to free review. *Black Diamond Alliance, LLC v. Kimball*, 148 Idaho 798, 801, 229 P.3d 1160, 1163 (2010).

The constitutionality of a statute is a question of law over which this Court exercises free review. *Am. Falls Res. Dist. No. 2 v. Idaho Dep't of Water Res.*, 143 Idaho 862, 869, 154 P.3d 433, 440 (2007) (citing *Moon v. N. Idaho Farmers Ass'n*, 140 Idaho 536, 540, 96 P.3d 637, 641 (2004)).

> Factors to be considered in determining the adequacy of process are the importance of the private interest at stake, the risk of an erroneous deprivation of rights given the processes at hand and the probable value, if any, of additional or substitute procedural safeguards, and the government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

*LU Ranching Co. v. United States*, 138 Idaho 606, 608, 67 P.3d 85, 87 (2003) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

---

[1] The district court appears to have operated under the mistaken belief that Dan Payne was a commissioner rather than an employee of the Highway District. This mistake is understandable, given the lack of clear identification of the individual defendants' capacities in the pleadings. This factual error is of no legal significance.

## III. ANALYSIS

The Halvorsons raise a variety of constitutional, statutory, and administrative arguments that the district court erred in issuing summary judgment. These assignments of error do not correspond to the district court's three part analysis, which addressed: a) the Halvorsons' common law tort claims; b) the Halvorsons' constitutional arguments; and c) the administrative issues and the Highway District's additional arguments for dismissal. Our decision treats the issues slightly differently from either approach. Because the district court granted significant portions of the summary judgment motion on alternative grounds that the Halvorsons have not addressed in this appeal, we will first identify those issues that remain after recognizing that those claims that were dismissed upon grounds which have not been appealed are waived. Second, we address the status of Camps Canyon Road, including the constitutional and administrative arguments regarding that status. Third, we discuss the width of Camps Canyon Road, the location of the alleged injuries, and the constitutional and administrative arguments regarding the road's width. Fourth, we analyze the Halvorsons' claims that the district court erred in not permitting them to amend their complaint and in its treatment of fees and costs. Finally, we address the requests for costs and fees on appeal.

### A. The unappealed bases for the district court's decision.

The district court dismissed a) all claims advanced for conduct occurring prior to May 8, 2007, based on the requirement of I.C. § 6-905 that a tort claim be filed within 180 days from the date the claim arose or reasonably should have been discovered;[2] b) all tort claims filed against the individual defendants; c) claims based on criminal provisions; and d) claims based on a failure to train and supervise. The Halvorsons have not appealed these claims.[3] "[I]ssues on appeal that are not supported by propositions of law or authority are deemed waived and will not be considered." *Michalk v. Michalk*, 148 Idaho 224, 230, 220 P.3d 580, 586 (2009) (citing *Wheeler v. Idaho Dep't of Health & Welfare*, 147 Idaho 257, 266, 207 P.3d 988, 997 (2009)).

Of particular import to the Halvorsons' appeal is the fact that the Highway District's issuance of a permit for the Wagner's driveway occurred in 2005, well before the May 8, 2007

---

[2] The Halvorsons filed their Notice of Tort Claim on November 6, 2007.

[3] It is less clear whether the Halvorsons have appealed the district court's rejection of claims based upon "[s]tatements of conduct within the Complaint that do not support any cognizable claim" such as "testimony . . . flagrantly intended to thwart any and all remedies." As the district judge was correct that these do not state a cognizable claim, we do not address those arguments further. *See Liponis v. Bach*, 149 Idaho 372, 374, 234 P.3d 696, 698 (2010) (requiring compliance with I.A.R. 35's requirement of argument supported by authority).

cutoff for tort claims. The Halvorsons, in their briefing, do not even cite to the provision on which the district court based its decision, I.C. § 6-905, much less offer a reason why it is inapplicable to the claims they have raised. "A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue. This Court will not search the record on appeal for error." *Dawson v. Cheyovich Family Trust*, 149 Idaho 375, __, 234 P.3d 699, 707 (2010) (citing *Michael v. Zehm*, 74 Idaho 442, 445, 263 P.2d 990, 991 (1953); *Suits v. Idaho Bd. of Prof'l Discipline*, 138 Idaho 397, 400, 64 P.3d 323, 326 (2003)). As such, those claims are waived and are not treated further.

Finally, while there may be some doubt about whether the district court erred in dismissing any tort claims against the defendants in their individual capacities under 42 U.S.C. § 1983, those claims have not been appealed and those arguments are now waived. As with the district court's decision regarding the ITCA's statute of limitations, the Halvorsons make no mention of I.C. § 6-904 and I.C. § 6-904B, which the district court concluded barred "any tort claims brought against the individual commissioners . . . ." As a result, the only tort claims remaining on appeal are those claims raised against the Highway District itself arising after May 8, 2007.

**B.      The public status of Camps Canyon Road.**

*1.       The district court's basis for summary judgment*

The resolution of the Halvorsons' tort claims predicated upon injury to their property requires a determination of whether Camps Canyon Road is a public highway in order to evaluate whether an invasion of their rights has occurred. The district court found that Camps Canyon Road is a public highway by prescription as defined by I.C. § 40-202(3) ("all highways used for a period of five (5) years, provided they shall have been worked and kept up at the expense of the public, or located and recorded by order of a board of commissioners, are highways"). This conclusion was based on the district court's finding that "[t]he record . . . establishes that the public has used the road for more than five years, and that the Highway Department has worked and maintained the road at the expense of the public. In addition, the Plaintiffs do not refute that the Camps Canyon Road is a public highway." With regard to public use, the district court cited the Halvorsons' failure to dispute that Camps Canyon Road was a public highway, the official 1986 map of the Highway District, and the affidavit of Orland Arneberg describing public use of Camps Canyon Road dating back to the 1930s. As for the

second requirement, that Camps Canyon Road be "worked and kept up at the expense of the public," the Highway District provided an affidavit from Dan Payne in which he stated that he has personal knowledge of the Highway District's upkeep of Camps Canyon Road since at least 1974. The Halvorsons offered no evidence that Payne's affidavit is anything but reliable and, indeed, they rely on that affidavit at various points in their briefing.

The Halvorsons dispute the district court's reliance on the 1986 Highway District map, citing *Homestead Farms, Inc. v. Board of Commissioners of Teton County*, 141 Idaho 855, 862, 119 P.3d 630, 637 (2005) (Eismann, J. concurring). The Halvorsons are correct in this regard. "[I]f a road is not properly created as a public highway, its inclusion on an official county highway system map does not make it so, nor does it impose any requirement on a property owner to vacate what has never been established as a public roadway." *Id.* at 860, 119 P.3d at 635.

However, the remaining evidence, Arneberg's affidavit, Payne's affidavit, and the Halvorsons' concession, remain undisturbed. "If the moving party has demonstrated the absence of a question of material fact, the burden shifts to the nonmoving party to demonstrate an issue of material fact that will preclude summary judgment." *Wattenbarger v. A.G. Edwards & Sons, Inc.*, No. 36245, 2010 WL 5186735 at *5 (Idaho Dec. 23, 2010) (citing I.R.C.P. 56(e)). Thus, when the Halvorsons argue that "there is no evidence of extensive public use of [Camps Canyon Road] . . . in the public or agency record to support" the conclusion that Camps Canyon Road is a public highway, they are simply incorrect: there is evidence to support that proposition and, just as important, the Halvorsons offered no evidence to contradict that proposition.

Even drawing all reasonable inferences in favor of the Halvorsons, the Halvorsons have failed to demonstrate the existence of a genuine issue of material fact. The district court properly concluded that Camps Canyon Road is a public highway as defined in I.C. § 40-202(3).

2.      *The Halvorsons' arguments that validation proceedings were necessary to establish that Camps Canyon Road is a public highway*

The Halvorsons argue that it is not the province of the district court to establish the public nature of Camps Canyon Road. They cite *Galvin v. Canyon County Highway Distroct No. 4,* for the proposition that the Highway District is not permitted to validate public rights on its own initiative except under certain circumstances. 134 Idaho 576, 579, 6 P.3d 826, 829 (2000). In effect, the Halvorsons argue that it is *only* through a validation proceeding initiated by an

affected land-owner that the public nature of Camps Canyon Road can be determined and that courts may not make such a determination.

This conclusion is incorrect. First, the statutory scheme provides not one but two routes for the establishment of a public highway. One route involves a hearing by the county commissioners. Because I.C. § 40-202(3) provides for establishment of a public highway as "located and recorded by order of a board of commissioners," that method of establishing a highway obviously requires action of the county commissioners. However, no such requirement accompanies the process for the establishment of a highway by prescription. In the latter circumstance, a public highway exists where it is "used for a period of five (5) years, provided [it] shall have been worked and kept up at the expense of the public . . . ." I.C. § 40-202(3). "When construing a statute, the words used must be given their plain, usual, and ordinary meaning, and the statute must be construed as a whole." *Athay v. Stacey*, 142 Idaho 360, 365, 128 P.3d 897, 902 (2005) (citing *Waters Garbage v. Shoshone Cnty.*, 138 Idaho 648, 651, 67 P.3d 1260, 1263 (2003)). Here, the plain, usual and ordinary meaning of the text is that the use and upkeep of a highway by the public is sufficient to establish a highway without any additional hearings or action undertaken by the Highway District.

Ordinarily, a validation proceeding as described in I.C. § 40-203A is the appropriate method to "validate an existing highway or public right-of-way about which there is some kind of doubt," although "[i]t does not allow for the creation of new public rights." *Galvin*, 134 Idaho at 579, 6 P.3d at 829. However, there is nothing within I.C. § 40-203A that precludes a finding by a court determining that Camps Canyon Road is a public highway when a cause of action implicates that question. The Halvorsons cite I.C. § 40-1310, which states that the "commissioners of a highway district have exclusive general supervision and jurisdiction over all highways and public rights-of-way within their highway system . . . ." I.C. § 40-1310(1). That statute also states that "[t]he highway district has the power to receive highway petitions and lay out, alter, create and abandon and vacate public highways and public rights-of-way within their respective districts under the provisions of sections 40-202, 40-203 and 40-203A, Idaho Code." I.C. § 40-1310(5). Neither of these passages suggests that a court lacks the power to determine whether a highway district had established a public highway when faced with a cause of action that squarely presents that issue. We conclude that no validation proceeding was necessary in

order for the district court to conclude that Camps Canyon Road was a public highway.[4] Based upon the evidence before the district court, Camps Canyon Road was a public highway no later than 1979.

### 3. The Halvorsons' procedural due process claims

The Halvorsons argue that they have also been deprived of their property without procedural due process.[5]

> Procedural due process requires that a party be provided with an opportunity to be heard at a meaningful time and in a meaningful manner. Due process is not a concept rigidly applied to every adversarial confrontation, but instead is a flexible concept calling for such procedural protections as are warranted by the situation.

*Paul v. Bd. of Prof'l Discipline of Idaho State Bd. of Med.*, 134 Idaho 838, 843, 11 P.3d 34, 39 (2000) (internal citations and quotations omitted). This Court has previously found that, in cases of the establishment of a public highway, where a landowner has the opportunity to contest the establishment of a public highway, due process has been afforded. *Ada Cnty. Highway Dist. v. Total Success Invs., LLC*, 145 Idaho 360, 371, 179 P.3d 323, 334 (2008). Whether through this proceeding, the potential to bring an inverse condemnation claim, or the potential to quiet title over the land being used, the Halvorsons and their predecessors have had the opportunity to be heard on this issue. In addition to that, the Halvorsons were not denied the opportunity for a validation proceeding.[6] Instead, they instituted this suit to attempt to vindicate what they thought were their rights. The Halvorsons have been heard on this issue. Due process does not require that they prevail.

While the Halvorsons do not explicitly raise a notice claim, that too would fail. The requirement that a highway be used continuously and publicly for a period of five years is in place precisely to ensure that where the public is using a portion of the land, the landowner has actual or constructive notice that the use is occurring and has the opportunity to challenge that use. In this way, it is analogous to a prescriptive easement or adverse possession.

---

[4] Our conclusion also disposes of the Halvorsons' request for declaratory relief, which asked the district court to mandate a validation proceeding.

[5] They also argue that they have been deprived of substantive due process. That argument is discussed below as it relates to the statutory requirements of I.C. § 40-2312.

[6] As the district court pointed out, the Halvorsons have either refused or failed to pay the fee required for a validation proceeding. I.C. § 40-203A(1) ("[T]he petitioner shall pay a reasonable fee as determined by the commissioners to cover the cost of the proceedings . . . .").

> The purpose of the requirement that prescriptive use be open and notorious is to give the owner of the servient tenement knowledge and opportunity to assert his rights against the development of an easement by prescription. The open and notorious use must rise to the level reasonably expected to provide notice of the adverse use to a servient landowner maintaining a reasonable degree of supervision over his premises.

*Anderson v. Larsen*, 136 Idaho 402, 406, 34 P.3d 1085, 1089 (2001). Camps Canyon Road's status as a public highway was established before the Halvorsons acquired their property. There is no dispute as to whether the Halvorsons were aware of the existence of Camps Canyon Road; rather, this dispute arises from the Halvorsons' erroneous beliefs as to the procedures that are required to establish a public highway and whether the dimension of such a highway is defined by use or by statute.

### 4. *The Halvorsons' takings claim*

The Halvorsons also advance a takings claim. They argue that the right to use their land has been taken for public use without just compensation in violation of the Fifth Amendment of the U.S. Constitution, incorporated against the states through the Fourteenth Amendment. U.S. Const. amends. V, XIV. In addressing this question below, the district court concluded that the Halvorsons' "takings claims fail because the Highway District's actions do not exceed its statutory authority or fall outside the scope of the right of way of Camps Canyon Road." However, even where the Highway District acted appropriately within the various statutes, this reasoning does not necessarily indicate that the application of those statutes might not be an unconstitutional taking. The district court did not address those possibilities.

This Court has stated that "[i]f a landowner believes the acquisition of a roadway pursuant to I.C. § 40-202 results in a taking, the landowner has four years from the accrual of the cause of action to bring a claim of inverse condemnation." *Total Success Invs.*, 145 Idaho at 369, 179 P.3d at 332. The record discloses that Camps Canyon Road has been maintained by the public at least since 1974 and that it has been open to the public since the 1930s. As discussed above, the Halvorsons offer no argument that Camps Canyon Road has not been a public road since at least 1979. Using the 1979 date as a baseline, the Halvorsons' predecessors in interest would then have had four years to bring an action for a taking or an inverse condemnation action. I.C. § 5-224; *BHA Invs., Inc. v. City of Boise*, 141 Idaho 168, 176 n.2, 108 P.3d 315, 323 n.2 (2004) (a takings claim may be brought directly under the Fourteenth Amendment). Any ability to advance a claim for a taking expired in 1983.

We observe that the Halvorsons purchased their property in 1996. "One who purchases land expressly subject to an easement, or with notice, actual or constructive, that it is burdened with an existing easement, takes the land subject to the easement." *Akers v. D.L. White Const., Inc.*, 142 Idaho 293, 301, 127 P.3d 196, 204 (2005) (quoting *Checketts v. Thompson*, 65 Idaho 715, 721, 152 P.2d 585, 587 (1944)). Because the Highway District established the public highway as of 1979 at the very latest, when the Halvorsons purchased the property, they did so subject to the full extent of the Camps Canyon Road easement.

We therefore find that the district court did not err in finding that Camps Canyon Road is a public highway. We further find that the Halvorsons' takings arguments, due process arguments, and arguments regarding the district court's ability to determine the presence of a public highway are without merit.

**C.      The width of Camps Canyon Road and the location of the Halvorsons' fence.**

*1.      The application of I.C. § 40-2312 and the location of the Halvorsons' alleged injuries*

Idaho Code § 40-2312 states that "[a]ll highways, except bridges and those located within cities, shall be not less than fifty (50) feet wide, except those of a lesser width presently existing, and may be as wide as required for proper construction and maintenance . . . ." This Court, in 1908, stated:

> the right acquired by prescription and user carries with it such width as is reasonably necessary for the reasonable convenience of the traveling public, and, where the public have acquired the easement, the land subject to it has passed under the jurisdiction of the public authorities for the purpose of keeping the same in proper condition for the enjoyment thereof by the public. . . . And, where the right is so acquired, such width must be determined from a consideration of the facts and circumstances peculiar to each case. However, it must be borne in mind that *the statute fixes the width of highways at not less than 50 feet*, and common experience shows that width no more than sufficient for the proper keeping up and repair of roads generally.

*Meservey v. Gulliford*, 14 Idaho 133, 148, 93 P. 780, 785 (1908) (emphasis added). More recently, the Court reaffirmed the finding in *Meservey* that the fifty-foot width was "no more than sufficient for the proper keeping up and repair of roads generally." *Bentel v. Bannock Cnty.*, 104 Idaho 130, 133, 656 P.2d 1383, 1386 (1983) (quoting *Meservey*, 14 Idaho at 148, 93 P. at 785).

The first question we must address, then, is whether I.C. § 40-2312 establishes a mandatory width of fifty feet for prescriptive highways or whether the extent of the use remains

a question of fact. The district court regarded I.C. § 40-2312 as overriding the common-law to which *Meservey* applied a presumption of fifty-foot width to highways preexisting the enactment of the statutory predecessor to I.C. § 40-2312. However, for highways created after the statute's enactment, the statute establishes a mandatory width. As the district court noted, the Halvorsons have presented no evidence and made no argument that Camps Canyon Road existed prior to 1887 when the predecessor statute to I.C. § 40-2312 was enacted.

The district court was correct. *Meservey* discussed a road that predated the enactment of the predecessor statute to I.C. § 40-2312, putting the scope of the use at issue in that case. *Meservey*, 14 Idaho at 140-41, 93 P. at 784. Here, however, the plain language of I.C. § 40-2312 prescribes a fifty-foot width to all highways and makes no distinction between highways established by prescription and highways laid out by the Highway District. The Halvorsons' argument that the failure to use the word "public" in I.C. § 40-2312 renders the statute inapplicable to Camps Canyon Road would effectively make the statute a nullity. Rather, our prior case law and our holding today are consistent with the conclusion reached by the Oregon Supreme Court:

> Whenever a statute prescribes the minimum width of public roads to be established in the future, and a public road is established by prescription, the width thereof is the minimum necessary to the establishment of a legal road in the absence of evidence of the taking of a greater amount.

*Huggett v. Moran*, 266 P.2d 692, 695-96 (Or. 1954) (citing *Kritzberger v. Traill Cnty.*, 242 N.W. 913 (N.D. 1932); *City of Seattle v. Abrahamson*, 186 P. 644 (Wash. 1919); *Pillsbury v. Brown*, 19 A. 858 (Me. 1890)).

The case relied upon by the Halvorsons, *District of Columbia v. Robinson*, 180 U.S. 92 (1901), does not require a different conclusion. *Robinson* did state: "Relying for right of way on use, the right could not extend beyond the use. Or, as it has been expressed, 'if the right to the way depends solely upon user, then the width of the way and the extent of the servitude is measured by the character of the user, for the easement cannot be broader than the user.'" 180 U.S. at 100 (quoting 1 Elliott, ROADS & STREETS § 174 (2d ed. 1900)). However, the question considered in *Robinson* was in the context of a common law suit and there is no citation in *Robinson* to any statute that prescribed the dimensions of a public road. Although *Robinson* undoubtedly represents an accurate statement of the common law, the Legislature has exercised its power to prescribe a different result.

The Highway District offered evidence, via the affidavit of Dan Payne, that all work occurred within Camps Canyon Road's fifty-foot right of way. Based on this and the lack of any evidence to the contrary in the affidavits submitted by the Halvorsons, the district court concluded that no genuine issue of material fact existed and that summary judgment was warranted.

The district court further relied on evidence submitted by the Highway District that Camps Canyon Road follows the same approximate centerline as it has historically and determined that all activities occurred within the fifty-foot span of Camps Canyon Road. The Halvorsons dispute this, arguing that the word "approximate" does not describe the location of Camps Canyon Road. The issues in this case, however, do not require a precise determination of the location of the centerline of Camps Canyon Road at the time the Halvorsons acquired their property. Rather, the critical inquiry is whether the Highway District's operations took place outside of the fifty-foot width of the road. It is reasonable to draw the inference in favor of the Halvorsons that the centerline of the traveling surface of Camps Canyon Road has shifted somewhat as a result of the "approximate" four foot widening of the road on the north and south sides. There is no evidence susceptible of the reasonable inference that the centerline has shifted far enough that the Highway District's operations, which resulted in damage to the Halvorsons' fence, fell outside of the fifty-foot width of Camps Canyon Road as it existed at the time the Halvorsons acquired their property.[7]

There are two further reasons that the Halvorsons argue there is a genuine issue of material fact. First, they point to the statements by Ole Hanson that "Camps Canyon Road has changed so much in the recent years; it is hard to remember exactly how it used to run, but it looks nothing like it did a few years ago" and by Joe Yockey that "[t]he Highway District has made so many changes to Camps Canyon Road by the Halvorsons [sic] corral that it is hard to remember what the old road looked like." There is no dispute that significant changes have occurred. However, these affidavits conspicuously fail to allege that the centerline of Camps Canyon Road has changed to the degree that the Highway District's activities occurred outside the fifty-foot right of way. The second argument raised by the Halvorsons is that the rock

---

[7] The Halvorsons rely on *Schneider v. Howe* for the proposition that a "judgment determining the existence of an easement must also specify the character, width, length and location of the easement." 142 Idaho 767, 774, 133 P.3d 1232, 1239 (2006). *Schneider* is inapplicable, as the present case does not require a judicial declaration of the location of the easement. Rather, the question is whether there is a genuine issue of material fact whether the Highway District can be charged with injury to the Halvorsons' property or rights.

outcropping on the Wagner side of Camps Canyon Road "was blasted with little success in 2006 and remains an obstacle for widening [Camps Canyon Road] symmetrically even if [the Highway District] had a 50 foot right of way to do so." In making this argument, the Halvorsons do not point to any part of the record that would suggest that Dan Payne's statement that the road has been widened by approximately four feet on both the north and south sides of the road is incorrect. They do cite to Payne's first and second affidavits but those suggest that the widening has been approximately symmetrical. The Halvorsons have identified no other evidence in the record that would demonstrate an issue of material fact.

In sum, Camps Canyon Road is a highway with a fifty-foot width. I.C. § 40-2312. The Highway District put forth substantial evidence that the Halvorsons' fence lies within Camps Canyon Road's right of way. The evidence pointed to by the Halvorsons, even drawing all reasonable inferences in their favor, fails to demonstrate a genuine issue of material fact. We therefore find that the district court did not err in granting the Highway District's motion for summary judgment as to the Halvorsons' tort claims.

2.      *The Halvorsons' constitutional and administrative arguments with regard to the width of Camps Canyon Road*

The Halvorsons argue that their substantive due process rights have been violated through the application of I.C. § 40-2312. This argument must fail.

> Where no fundamental right or suspect classification is involved or when dealing with legislation involving social or economic interests, courts apply the rational basis test's deferential standard of review. In this context, this Court has stated that:
>
> "Substantive due process" means "that state action which deprives [a person] of life, liberty, or property must have a rational basis—that is to say, the reason for the deprivation may not be so inadequate that the judiciary will characterize it as 'arbitrary.'"

*Bradbury v. Idaho Judicial Council*, 136 Idaho 63, 69, 28 P.3d 1006, 1012 (2001) (quoting *Pace v. Hymas*, 111 Idaho 581, 586, 726 P.2d 693, 698 (1986)). The Halvorsons argue that there is no rational basis for the mandatory fifty-foot width of Idaho's highways. However, the statement in *Meservey* provides exactly that rational basis: "the statute fixes the width of highways at not less than 50 feet, and common experience shows that width no more than sufficient for the proper keeping up and repair of roads generally." 14 Idaho at 148, 93 P. at 785. The Highway District may require additional space beyond the edge of the traveling surface of the roadway for upkeep,

- 14 -

repair, or improvements to the road and these are all factors that the legislature might reasonably have considered when establishing a statutory fifty-foot requirement for Idaho's highways.

More importantly, to the extent that the Highway District's actions that led to the creation of Camps Canyon Road as a public highway deprived any person of a property right, the deprivation occurred no later than 1979, prior to the Halvorsons' acquisition of their property. The Halvorsons' purchase did not vest them with greater rights in the property than their predecessor possessed.

The Halvorsons' other constitutional and administrative claims regarding Camps Canyon Road's width are defeated by the disposition of the other issues in this case. Because the road was established as fifty feet wide at the time it became a public highway, long before the Halvorsons bought the property, there has been no additional taking and the Halvorsons' claims are without merit, as discussed above. Similarly, the Halvorsons' predecessors had the right to be heard and were put on notice through the use of the road during that period. Due process has, therefore, been accorded. Finally, no additional administrative procedure was necessary to establish the width of Camps Canyon Road as that width was defined by operation of I.C. § 40-2312.

We find that the district court properly concluded that all claimed injuries occurred within the Camps Canyon Road right-of-way.

**D.    The objections to the district court's denial of leave to amend and its award of attorney fees.**

The Halvorsons challenge the district court's award of attorney fees and its denial of their motion to amend their complaint. A district court's award of attorney fees is reviewed for abuse of discretion. *Henderson v. Henderson Inv. Props., LLC*, 148 Idaho 638, 639-40, 227 P.3d 568, 569-70 (2010). Likewise, "[a]n abuse-of-discretion standard is employed in reviewing a district court's denial of a motion to amend a complaint to add an additional cause of action." *Weitz v. Green*, 148 Idaho 851, 858, 230 P.3d 743, 750 (2010). Because these issues are both reviewed using an abuse of discretion standard, we treat them together.

In reviewing a trial court's decision for an abuse of discretion, this Court considers:

(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

In awarding attorney fees, the district court recognized its discretion, citing *Costa v. Borges*, 145 Idaho 353, 359, 179 P.3d 316, 322 (2008). The court then reached its decision by an exercise of reason, applying the factors laid out by this Court in *Costa*. In particular, the court noted the length and repetition of the Halvorsons' arguments, the fact that many of the arguments they pursued had no basis in fact or law, and the "novel and unsupported legal arguments" that the Halvorsons put forward after "it became clear that there was no dispute regarding the status of the roadway." The district court understood that "attorney fees . . . [are] not a matter of right" and considered the factors appropriately within the outer boundaries of its discretion. *McGrew v. McGrew*, 139 Idaho 551, 562, 82 P.3d 833, 844 (2003).

Similarly, the district court recognized its discretion to grant or deny the Halvorsons' leave to amend. I.R.C.P. 15(a) (When more than 20 days have elapsed since the filing, "a party may amend a pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires"). The Halvorsons sought to amend their complaint to add further claims for damages to their fence subsequent to the initiation of this litigation. As there is no genuine issue of material fact as to whether the Halvorsons placed the fence within the fifty-foot width of Camps Canyon Road, the district court did not err by refusing to grant leave to amend the complaint when the Halvorsons were not entitled to relief. *Black Canyon Racquetball Club, Inc. v. Idaho First Nat. Bank, N.A.,* 119 Idaho 171, 178, 804 P.2d 900, 907 (1991).

We therefore affirm the district court's decisions in awarding attorney fees and refusing leave to amend the Halvorsons' complaint.

### E.    The Highway District's Request for Attorney Fees.

As the prevailing party, we find that the Highway District is entitled to attorney fees under I.C. § 12-117. A highway district is a "taxing district" within the meaning of I.C. § 12-117. *See* I.C. § 63-3101 (providing that a taxing district includes "any other public corporation authorized by law to levy taxes"); I.C. § 40-1308 (conferring the ability for a highway district to levy taxes). Idaho Code § 12-117 allows an award of attorney fees where "the nonprevailing party acted without a reasonable basis in fact or law." I.C. § 12-117(1). Here the law is well-settled, dating back to 1908 and *Meservey v. Guilford*. Although the Halvorsons have raised numerous issues, their claims are not well-founded in law or the underlying facts.

## IV. CONCLUSION

We affirm the district court's determination that, as a public highway with a statutory width of fifty feet, all of the Halvorsons' alleged injuries occurred within Camps Canyon Road's right-of-way. We likewise affirm the determination that the Halvorsons have not demonstrated a genuine issue of material fact as to their constitutional claims. We find that the district court did not abuse its discretion by denying the Halvorsons leave to amend their complaint and by awarding attorney fees to the Highway District. Costs and attorney fees to the Highway District.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.